UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DUANE WOULLARD,

    Plaintiff,

v.                                Case No. 5:22-cv-166-TKW-MJF

OFFICER OQUENDO, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to comply with court orders, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

**A.**    **Plaintiff's First Motion for Leave to Proceed *In Forma Pauperis***

On August 18, 2022, Plaintiff, a prisoner proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983. Doc. 1 at 12.[1] Plaintiff also filed his first

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)).

motion for leave to proceed *in forma pauperis*. In support of his motion, he filed a financial affidavit and made the following assertions:

- Currently he is confined at the Blackwater River Correctional and Rehabilitation Facility;

- He was incarcerated at the Bay County Jail from January 10, 2022, through April 25, 2022; and

- He had not been incarcerated for the full six-month period preceding the commencement of this lawsuit.

Doc. 2 at 1-2.

Additionally, Plaintiff signed and submitted a "Prisoner Consent Form and Financial Certificate." *Id.* at 3, 6. This form, however, was not signed by a prison official. *Id.* Further, Plaintiff failed to provide a copy of the transactions in his inmate trust account. Instead, Plaintiff provided a statement from an employee at Blackwater River Correctional and Rehabilitation Facility:

> Be advised Inmate Banking cannot accurately complete the documentation without your previous facility's account statemen [sic]. You arrived at Blackwater River Correctional & Rehabilitation Facility on July 7, 2022, which is nowhere close to the 6 months the court document is asking for.

*Id.* at 5.

On August 29, 2022, the undersigned denied Plaintiff's motion because the filings did not demonstrate that Plaintiff was entitled to proceed *in forma pauperis*.

Doc. 4. Because it appears that Plaintiff had been incarcerated for more than six months,[2] the undersigned explained:

> [Plaintiff] must contact each institution at which he was confined during the six-month period and request a copy of his inmate trust account (or institutional equivalent) for that period. That is, Plaintiff must contact his prior institutions, including Bay County Jail and ask for a copy of his inmate trust account for the period that he was confined at that institution.

*Id.* at 5. The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 7.

**B.     Plaintiff's Second "Prisoner Consent Form and Financial Certificate"**

On August 30, 2022, the clerk of the court received Plaintiff's second "Prisoner Consent Form and Financial Certificate," Doc. 5. This form was signed by Plaintiff and a prison official. Plaintiff also included a copy of the transactions in Plaintiff's inmate trust account ***only*** for the period of July 7, 2022, through August 19, 2022. Doc. 5. In addition to not providing a record of six-month's of transactions from his inmate accounts, Plaintiff did not include a motion for leave to proceed *in forma pauperis* or a financial affidavit. Doc. 5.

---

[2] The Florida Department of Corrections' website reflects that Plaintiff has been in the FDC's custody since April 25, 2022, when he was released from the Bay County Jail. *See Corrections Offender Network*, FLORIDA DEPARTMENT OF CORRECTIONS, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=072248&TypeSearch=AI (last accessed Aug. 29, 2022); *see* Doc. 4 at 3.

C.     **Plaintiff's Second Motion for Leave to Proceed *In Forma Pauperis***

On October 3, 2022, Plaintiff filed his second motion for leave to proceed *in forma pauperis* and financial affidavit. Doc. 7. In this financial affidavit, Plaintiff made the following assertions:

- Currently he is confined at the Blackwater River Correctional and Rehabilitation Facility;

- From April 25, 2022 through July 7, 2022, he was incarcerated at the Washington Correctional Institution; and

- He actually had been incarcerated for the full six-month period preceding the commencement of this lawsuit—despite his previous claim to the contrary.

*Id.* at 1-2. Plaintiff included a "Prisoner Consent Form and Financial Certificate," which was signed by Plaintiff and a prison official. He also attached to his motion a copy of the transactions from his inmate account for the period of July 7, 2022, through September 28, 2022. *Id.* at 5-6.

On October 4, 2022, the undersigned denied this motion because Plaintiff had failed to provide a printout of his inmate trust accounts that reflected the full six-month period preceding the commencement of the lawsuit. Doc. 9.

D.     **Plaintiff's Third Motion for Leave to Proceed *In Forma Pauperis*__**

On October 6, 2022, Plaintiff submitted a third motion for leave to proceed *in forma pauperis*. Doc. 10. Plaintiff signed and submitted the "Prisoner Consent Form and Financial Certificate." An appropriate prison official, however, did not sign the document. Plaintiff also included a copy of the transactions in his inmate trust account for the period of April 2022 through July 2022. *Id.* at 5-7. The undersigned denied this motion because it was deficient insofar as Plaintiff did not include a printout of his inmate trust account for the full six-month period preceding the commencement of this lawsuit (i.e. February 18, 2022, through August 18, 2022). Doc. 11.

E.     **Plaintiff's Failure to Respond to the Undersigned's Show Cause Order**

On October 4, 2022, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's order to submit payment of the filing fee or a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 9. The undersigned provided Plaintiff until November 3, 2022, to comply with the order. The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 6. As of the date of this report and recommendation, Plaintiff has not responded to the show cause order.

## II. DISCUSSION

Title 28 United States Code § 1914, states that: "The clerk of each district court *shall require the parties instituting any civil action, suit or proceeding* in such court, whether by original process, removal or otherwise, to pay a filing fee of $350" and any "additional fees [that] are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b) (emphases added). The Judicial Conference of the United States prescribes a $52.00 administrative fee "for filing a civil action, suit, or proceeding in a district court." 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees) (2020). The court may, however, authorize the commencement of a civil action "without prepayment of fees or security therefore" if a person "submits an affidavit that includes a statement of all assets," which establishes that they are unable to pay such fees. 28 U.S.C. § 1915(a)(1).

For prisoners, the *in forma pauperis* statute also requires "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(a)(2). This account statement must be "obtained from the appropriate official **of each prison** at which the prisoner **is or was confined**." *Id.* (emphasis added). That is, a prisoner has a duty to contact each institution at which he was confined during the relevant six-month period.

Plaintiff commenced this action on August 18, 2022. Doc. 1 at 24. Plaintiff has advised the court that he was incarcerated for the full six-month period preceding the commencement of this action. Doc. 1 at 1-2; Doc. 7 at 1-2. Additionally, Plaintiff was aware of the requirement to contact each institution to obtain a copy of his inmate account statement because:

- the undersigned explained to Plaintiff this requirement, Doc. 4 at 4-5;

- the Prisoner Consent Form and Financial Certificate explains "If I have not been incarcerated at my current institution for six months, I must obtain an account statement from **each facility** at which I have been confined during the relevant six-month period of time" and that "It is the **inmate's responsibility** to obtain the required print-out(s) from **each institution** at which he or she may have been confined during the preceding six months and provide them to the official completing this form." Doc. 2 at 3, 4; Doc. 5 at 1-2; Doc. 7 at 3-4; Doc. 10 at 3-4; and

- on four separate occasions, Plaintiff acknowledged that he read and understood the Prisoner Consent Form and Financial Certificate. Doc. 2 at 3, 4; Doc. 5 at 1-2; Doc. 7 at 3-4; Doc. 10 at 3-4.

Despite the undersigned's order, the instructions on the Prisoner Consent and Financial Certificate Form, and the statute's plain language, Plaintiff has not submitted copies of his inmate trust account (or the institutional equivalent) for the

full six-month period. Specifically, he has not provided a copy of the transactions in his inmate account for the period between February 18, 2022 and April 25, 2022. Furthermore, Plaintiff has offered no explanation—much less shown good cause—for his failure to comply with the requirements of 28 U.S.C. § 1915 and the court's orders.

Local Rule 41.1 authorizes the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order." N.D. Fla. Loc. R. 41.1. Local Rule 41.1 is consistent with Federal Rule of Civil Procedure 41(b) and embodies the court's inherent authority to dismiss a case *sua sponte* when the plaintiff fails to comply with a court rule of procedure or a court order. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) ("Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order. Fed. R. Civ. P. 41(b). A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49, 111 S. Ct. 2123 (1991))). The federal courts have long recognized this inherent authority:

> Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782, 135 L. Ed. 2d 102 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962)

(noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

*Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002) (holding that a court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure).

## III. CONCLUSION

Because Plaintiff has failed to comply with court orders, failed to prosecute, and failed to pay the filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice; and
2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>18th</u> day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding**

**dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**